FILED
2015 Apr-23  PM 12:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BONNIE WILLIAMS MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| COMPUTER SCIENCES | ) | |
| CORPORATION, | ) | TRIAL BY JURY |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1331, 1343, 42 U.S.C. 1981, as amended,  28 U.S.C. 2201 and  2202 and Title VII.  The jurisdiction of  this court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII and 1981 providing relief against race and black female discrimination.  Plaintiff also invokes the family medical leave act and the ADA and the Rehabilitation act and the ADEA.

### II.  PARTIES

2.  Plaintiff is an African-American female, who was 57 at the time of her

termination.  She had asked permission for time off to treat her cancer.  This was her second bout with cancer.

3.  Plaintiff had an at-will employment contract with the defendant to work in the billing department as a billing lead, the same as her comparator, who was a co-billing lead with plaintiff, and also an at will employee.  There were only two billing leads in the billing department when the plaintiff was let go.

4.  Defendant company  is an employer within the meaning of 28 U.S.C. 2000, et seq..   Defendant company is an employer that receives federal funds.  The department where plaintiff works received federal funds.

III.  STATEMENT OF FACTS

1.  Plaintiff worked for about 24 years for Nichols Research until it was bought out by CSC in 1999.

2.  Plaintiff then worked for CSC until her termination in March 2014.

3.  Plaintiff is an African-American female.

4.  Plaintiff claims race discrimination in her termination and also black female discrimination in her termination.

5.  Plaintiff was qualified for her position at the time of her termination.

6. Plaintiff was replaced by a much younger white female; in the alternative, plaintiff's job duties were absorbed by this white female or parts of her duties were absorbed by this white female, but, in the end, remained and worked the job that

plaintiff should have gotten.

7.  Plaintiff is comparing herself to this white female to add to the support of her claims.

8.  Plaintiff was 57 at the time of her termination and the young white female was "about" in her 30's.

9.  Plaintiff's performance over the years was excellent up through March of 2013 for approximately 39 years; however, plaintiff never saw her last her March of 2014 as she was already eliminated.

10.  Plaintiff was terminated and no one told her why; however plaintiff has first hand knowledge that her supervisor was responsible for her being let go and her duties given to her white comparator.

11.  Plaintiff was a billing lead.  Her comparator was also was billing lead. They worked in the same department and under the same supervisor and had the same duties and supervised the same number of people and had the same salary and worked as at-will employees and were under the same policies.

12.  They were identical or nearly identical employees.

13. Plaintiff and her comparator's job was technical and specialized; however, plaintiff was very good at her job and her comparator was not.

14.  Plaintiff had a master's degree and her comparator had no college education.

15.  Plaintiff thought she got along well with her supervisor.

16.  Plaintiff was more qualified than her comparator, could do more technical work  without assistance, she had "proven" he worth by getting her master's degree, which a college degree is required for the job of billing lead.

17.  Plaintiff was so much more qualified than her replacement it jumped off the page and slapped you in the face.

18.  Plainitff is disabled under the ADA.

19.  Plaintiff has a record of cancer that her employer knew and she had taken time off for treatement.

20.  Plaintiff had been alerted that her cancer had returned and she had informed her immediate supervisor that she would need family medical leave to care for her condition.

21.  Plaintiff was terminated before she could go on family medical leave.

IV. CLAIMS

TITLE VII AND 1981 PROVIDING FOR RELIEF AGAINST RACE DISCRIMINATION AND BLACK FEMALE DISCRIMINATION

22.  Plaintiff alleges the above facts the same as if set forth herein.

23.  Plaintiff claims race discrimination in  her termination and also black female discrimination in her termination.

24.  Plaintiff was qualified for her position at the time of her termination.

25. Plaintiff was replaced by a much younger white female; in the alternative, plaintiff's job duties were absorbed by the white female, etc. or parts of her duies were absorbed by this white female, but, in the end, remained the lead of the billing department and worked the job that plaintiff should have gotten.

26. Plaintiff is comparing herself to this white female to add to the support of her claims.

27. Plaintiff was 57 at the time of her termination and the young white female was "about" in her 30's.

28. Plaintiff's performance over the years was excellent up through March of 2013 for approximately 39 years; however, plaintiff never saw her last her March of 2014 as she was already eliminated.

29. Plaintiff was terminated and no one told her why; however plaintiff has first hand knowledge that her supervisor was responsible for her being let go and her duties given to her white comparator.

30. Plaintiff was a billing lead. Her comparator was also was billing lead. They worked in the same department and under the same supervisor and had the same duties and supervised the same number of people and had the same salary and worked as at-will employees and were under the same policies.

31. They were identical or nearly identical employees.

32. Plaintiff and her comparator's job was technical and specialized; however,

plaintiff was very good at her job and her comparator was not.

33.  Plaintiff had a master's degree and her comparator no college education.

34.  Plaintiff thought she got along well with her supervisor.

35.  Plaintiff was more qualified than her comparator, could do more technical work  without assistance, she had "proven" by getting her masters degree, which a college degree is required for the job of billing lead.

36.  Plaintiff was so much more qualified than her replacement it jumped off the page and slapped you in the face.

37. Plaintiff alleges that she can demonstrate that an illegitimate discriminatory animus factored into her being let go.  Plaintiff alleges that she can reach a jury by showing that the  defendant considered her protected characteristic as a motivating factor for their employment practice, even though other factors also motivated them. Plaintiff alleges that she is mot required to eliminate or rebut all the possible legitimate motivations of the defendant as long as she can show her protected category entered into the defendant's decision to take the adverse employment action.

38.  Plaintiff alleges that she can present a prima facie case and sufficient evidence of pretext to permit trier of fact to find unlawful discrimination without additional independent evidence of race and black female discrimination.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

1.  Grant Plaintiff an order requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, compensatory and punitive damages, including, but, not limited to lost wages, front pay and reinstatement; and

2.  Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert therewith from continuing to violate 42 U.S.C. 2000(e).

3.  Plaintiff prays for such other and further, different or additional relief as justice may require, including attorney fees.

ADA AND REHABILITATION FAILURE TO ACCOMMODATE AND TERMINATION

39.  Plaintiff alleges the facts above the same as if set forth herein.

40.  Plaintiff has a record of cancer that her employer knew about and had taken time off for treatement before, which the employer was also aware of.

41.  Plaintiff had been alerted that her cancer had returned and she had informed her immediate supervisor that she would need family medical leave to care for her condition.

42.  Plaintiff alleges that she was told in a meeting with members of the billing department that they would be very busy for a long while and that "nobody" could take off sick.  She was told this in December of 2013.

43.  Plaintiff alleges that she was terminated a short time after she notified her supervisor that she would be needing family medical leave to take care of her cancer.

44.  Plaintiff alleges that they failed to accommodate her because of her disability, cancer, by not granting her family medical leave to treat her cancer and instead, terminated her and replaced her with a less qualified, but healthy, employee.

FMLA INTERFERENCE

45.  Plaintiff alleges the facts above the same as if set out herein.

46.  Plaintiff alleges that she was terminated before she went on family medical leave and therefore, the employer interfered with her fmla.

47.  Plaintiff alleges that she was told in a meeting with members of the billing department that they would be very busy for a long while and that "nobody" could take off sick.  She was told this in December of 2013.

48.  Plaintiff alleges that she was terminated a short time after she notified her supervisor that she would be needing family medical leave to take care of her cancer.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:
1.  Grant Plaintiff an order requiring Defendant to make  Plaintiff whole by granting appropriate declaratory relief, compensatory and punitive damages; and
2.  Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert therewith from continuing to violate  42 U.S.C. 2000(e).
3.  Plaintiff prays for such other and  further, different or additional relief as justice may require.


AGE DISCRIMINATION TERMINATION

Plaintiff alleges the facts above the same as set forth herein.

Plaintiff alleges that but for her age, she would not have been terminated.

Plaintiff was 57 years old at the time of her termiantion and she was replaced by a much younger less qualified employee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

1.  Grant Plaintiff an order requiring Defendant to make  Plaintiff whole by granting appropriate declaratory relief, compensatory and punitive damages; and

2.  Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert therewith from continuing to violate  42 U.S.C. 2000(e).

3.  Plaintiff prays for such other and  further, different or additional relief as justice may require.


/s/ Jeff Bennitt

_____
Jeffrey W. Bennitt ASB N51J
BENOO4


Jeff Bennitt & Associates
121 Edenton St.
Birmingham, Al 35242 (205) 408-7240
fax: (205) 408-9236        e-mail: Bennittlaw@aol.com


/s/ Sonya Edwards

_____
Sonya C. Edwards
ASB-8848-S73E
EUB007


Edwards Law, LLC
121 Edenton Village
Birmingham, Alabama 35242
205-408-0956

PLAINTIFF DEMANDS A TRIAL BY JURY